WILLIAM B. PECK v. ARCHIBALD E. CLARK AND OTHERS.

The books of registry of deeds contain but copies of the originals, and, of course, are but secondary evidence, and as such, are inadmissible, without accounting for the non-production of the original, or primary evidence ; unless, where the Statute makes the recorded copy supply the place of primary evidence ; and then to render the copy admissible, the Statute must be complied with.

Appeal from Victoria.    Tried below before J. J. Holt, Esq., appointed by the parties.

Action of trespass to try title by appellant against appellees. Bill of exceptions as follows :   Be it remembered that on the trial of this cause, the following facts were proved, to-wit : Plaintiff proved location and survey for himself made in 1850, and admitted, for the purposes of this statement, (but not to conclude the defendants in a future trial,) to be valid ; and here rested.

The defendants then read in evidence outstanding titles to the land in controversy, granted Leonardo Rodriguez, Deciderio Niva and Juan Gonzales, in the year 1834, as colonists of

Powers and Hewitson, without objection, and rested their defence. The plaintiff then read in evidence transfer from the grantees to Santiago Sema, and offered to read from the record of deeds in the County Clerk's office of this county, which record was produced in Court, a recorded copy of an authenticated copy of a deed from the said Sema to Joshua Davis, as taken from the records of deeds of Refugio county, which was objected to, because it was not the best evidence ; because the record was inadmissible, and because the original deed itself, if offered, would be irrelevant. The objections were sustained, the record ruled out and plaintiff excepted. Plaintiff stated that his object in offering the evidence was to show that the title had become extinguished in Sema's vendee. Plaintiff thereupon took a non-suit ; moved to set aside ; motion overruled ; plaintiff excepted, and gave notice of appeal.

*S. A. White*, for appellant.

*W. S. Glass*, for appellees.

WHEELER, J. The plaintiff, having taken a non-suit, moved to set it aside on the ground of surprise, by the ruling of the Court, improperly excluding his evidence. The question is, whether the Court ruled correctly, in holding that the registry is inadmissible as proof of the original deed or conveyance, of which it is a copy, without accounting for the non-production of the original, or complying with the Statute (Hart. Dig. Art. 745) respecting the making of proof by the record. That the ruling of the Court was correct is manifest. The book of registry contains but a copy of the original, and, of course, is but secondary evidence, and as such, is inadmissible, without accounting for the non-production of the original, or primary evidence ; unless, where the Statute makes the recorded copy supply the place of primary evidence ; and then to render the copy admissible, the Statute must be complied

with. The non-production of the original was not accounted for, nor was the direction and requirement of the Statute observed. Hence the evidence proposed was clearly inadmissible. (Styles v. Gray, 10 Tex. R. 503.)

Where it is proposed to prove the contents of a record, the record books, or books of original entries, is the best, or primary evidence; and if produced, are always admissible; though copies are, in general, admissible, on account of the inconvenience of producing in Court the originals; and, on general principles, there is the same necessity to account for the non-production of the latter, where the former are proposed to make proof of them, as in other cases of the proof of original writings by copies. They are not admissible as a substitute for the originals, unless made so by Statute.

The exclusion of the proposed evidence was no ground for setting aside the non-suit; and the Court did not err in its judgment; which is affirmed.

Judgment affirmed.