J. C. Loving v. Wm. Dixon.

(Case No. 2889.)

</div>

1. Principal and surety — Admissions.— One who signs a joint obligation with an understanding between the principal, the payee, and himself, that he is but a surety, and shall not be considered bound unless the name of another surety is procured to the obligation, is not bound by a subsequent verbal promise to pay.

2. Same.— In such a case, the condition on which the surety originally agreed to be bound never having been complied with, his second verbal promise would be but the promise to pay the debt of another;

to enforce which, some consideration must be shown. The action could be only on the new promise, which should be averred and proved.

3. CHARGE OF COURT — PRACTICE IN SUPREME COURT.— When a charge of the court presents a question outside of the case as made by the pleadings, and upon which the verdict might have been found, a judgment based on such verdict will be reversed.

ERROR from Cooke.    Tried below before the Hon. J. A. Carroll, special judge.

Suit brought by defendant in error as plaintiff below, against L. R. Dyer and J. C. Loving, upon a joint obligation of the defendants to pay to D. S. Hagler & Co. $5,000, which could be discharged in beef steers at twenty dollars, and cows at twelve dollars per head, to be delivered at Red River Station on or before September 1, 1871, upon which it was acknowledged that $3,000 had been paid, leaving remainder unpaid; and the cattle not having been delivered, a judgment in money was sought.

The note had been assigned to the plaintiff, who, at the time of bringing suit, sued out an attachment against the defendants, which was levied on three hundred and seventy-five head of cattle, valued at $2,500.

The defendant replevied the cattle by special bail bond in a few days after the levy.

The answer of the defendant Loving set up a special plea that he signed his name to the note as surety for the defendant Dyer, with the understanding between himself, Dyer, and Hagler & Co., to whom the note was given, that one David Terrell was also to sign the note as surety for Dyer; and that it was further understood and agreed between all of the parties, that if the signature of Terrell was not procured as a co-surety, the note was to be of no force or effect.

Defendant Loving also pleaded in reconvention damages against the plaintiff for wrongfully suing out the attachment; that it was done maliciously and without probable cause, with intent to injure, vex and harass the

defendant, and that the plaintiff's affidavit that defendant was about to remove his property out of the state, and he would probably lose his debt, was false and unfounded. · The damages alleged consisted of loss of time, trouble and expense in giving bond to replevy, and attorney's fees and loss of horses and mules, amounting in all to $3,000.

During the progress of the suit a motion was made to transfer the cause by change of venue from Montague to Cooke county, which was allowed; but before being transferred, the record was destroyed in the burning of the county records of Montague county, and the pleadings and proceedings were afterward substituted in the district court of Cooke county, to which this cause was transferred.

J. M. Lindsay, one of the counsel for the defendants, having been elected judge of the district embracing Cook county, an agreement was made between the counsel for the parties for the appointment of J. A. Carroll, an attorney of the court, special judge to sit in the case, who proceeded on the 10th of July, 1874, to try the cause, and rendered judgment on the verdict of a jury for the plaintiff, against Dyer as principal and Loving as surety. It was shown on the trial that the plaintiff had not completed the payment of the consideration he was to pay for the note.

*McCall & McCall*, for plaintiff in error.

*Walton, Green & Hill*, for defendant in error.

WATTS, J. COM. APP.— Loving claimed that he signed the note with the understanding and upon the agreement that he was not bound thereby, unless D. P. Terrell would sign the same. This was one of the contested issues in the court below, and much of the evidence found in the record was addressed to it. In the bill of sale from

Hagler & Co. to Dyer, the latter is required to obtain Terrell's signature to the note, and it is provided that, if Terrell should fail or refuse to sign the note, the bill of sale was to be null and void.   It is clearly shown that Loving was in fact surety for Dyer.   On the trial there was evidence introduced, without objection, tending to show that subsequent to the execution of the note Loving had promised to pay it, and also evidence tending to show that, at the time such promises were made, Loving did not know but that Terrell had signed the note.   As a witness in his own behalf, he testified that, at the time he signed the note, it was understood between him, Dyer and Newberry, that there was to be no trade made unless Terrell would sign the note; and that at the time he promised to pay, he thought Terrell's signature had been obtained.   The court charged the jury as follows: "In determining whether or not the note was signed by said Loving subject to the conditions hereinbefore stated, the jury will look to all the testimony introduced; but that no language or admissions made by Loving as to his liability upon said note can be received by the jury against him, unless the jury believe from the testimony, that, at the time said admissions were made, said Loving knew said note was not signed by said Terrell, which knowledge may be established as any other fact."

It is claimed that the charge, in view of the case made by the evidence, was erroneous and misleading.   If, as contended by Loving, the note was only to be binding upon him in the event Terrell's name was secured to the same, then the failure to secure Terrell's name to the note did not simply release Loving, for he had never been bound,—the contingency in which he was to become liable had not occurred.   And if Loving, after he ascertained that Terrell had failed to sign it, had promised to pay the same, this would have been but a promise to pay the debt of another, for prior to such promise he was not bound

for Dyer's debt. To bind him upon such promise, some consideration would have to be shown. The note, under such circumstances, would not constitute the cause of action against him; the recovery, if at all, must be had upon the new promise; and to support a recovery, the new promise should have been set up in the pleadings, which was not done.

In Dennison v. League, 16 Tex., 408, the court observed that "there is no rule that has been so stringently enforced in this court as the rule that the allegation must be broad enough to let in the proof, and that no evidence, not supported by the *allegata*, can sustain a verdict."

Upon a careful examination of the record, we are not able to say upon what view of the case the jury found their verdict. The evidence shows, that notwithstanding the note upon its face was joint and several, that in fact Loving was but a surety for Dyer, and had the right to plead and prove the fact so as to secure the benefits of art. 4786, Pasch. Dig. Burke v. Cruger, 8 Tex., 57.

It would seem that if the jury found that Loving was originally bound by the note sued on, that they would have found against him as surety for Dyer, and not as principal.

In Markham v. Carothers, 47 Tex., 22, the court say that it is error to charge upon an issue not made by the pleadings. It is also said in H. & T. C. R. W. Co. v. Terry, 42 Tex., 451, that when a charge presents a question outside of the case as made by the pleadings, and upon which the verdict might have been found, a judgment based upon such verdict will be reversed.

The evidence we find in the record as to the admissions made by Loving, and to which evidently the court directed the charge under consideration, were nothing more or less than promises to pay; there is no evidence as to any admission upon his part that he signed the note otherwise than upon the conditions claimed by him.

If the jury regarded the charge as submitting to them the subsequent promises of Loving to pay the note, as sufficient to render him liable upon it if made with the knowledge that Terrell had not signed it, and found accordingly, it would be error. And we cannot say, from an inspection of the record, that it was not so considered by the jury, and that their finding was not based upon a matter outside of the case as made by the pleading.

The special charges asked by appellant upon this point presented the law of the case, and should have been given.

For the errors indicated, the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.