## J. B. GARRISON ET AL. V. GEORGE NELSON.

### (No. 7236.)

APPEAL from Grayson County. Opinion by DAVIDSON, J.

C. R. CRENSHAW and J. W. FINLEY, counsel for appellants.

No counsel appeared for appellee.

§ 308. *Liability of an obligor who signs note to be signed by another, who does not sign.* This is a suit brought by Garrison and others against Nelson on a promissory note for $135.54, which note was in the following tenor and effect: "Oklahoma, I. T., Jan. 4, 1890. One day after date, we, or either of us, promise to pay to the order of J. B. Garrison & L. P. Taylor, for value received, one hundred and thirty-five dollars and fifty-four cents. [Signed] G. NELSON." There was a trial in the justice court, resulting in a judgment in favor of plaintiff, and Nelson appealed to the county court, where judgment was rendered in his favor, and that appellees take nothing by their suit and pay all costs, etc., from which judgment appellants are prosecuting this appeal. The defense interposed by Nelson to the suit was partial failure of consideration, and that the note sued on was to have been signed by one Harvey H. Jones before it could become binding upon appellee, Nelson. The facts in the case, briefly stated, are that Nel-

son, the defendant in the court below, appellee here, had previously purchased the one-third interest in an auger, or drilling machine, and fixtures. Subsequently the two-thirds interest, according to the testimony of the plaintiffs, was sold to Nelson for $179.60, and on the same day he paid $50 of said sum, and was to pay the balance in thirty and sixty days; that no one was present at the time this transaction was made except Nelson and the plaintiff, but that Nelson stated at the time that he proposed to sell a half interest in the machine to one Jones; that when the unpaid balance became due plaintiffs tried time and again to collect the same of Nelson, and also tried to get him to give his note, upon his failure to pay, which he would not and did not do until the note in question was given by him; that Nelson said he had sold his half interest to Jones, and that he wanted Jones to go upon the note. On the other hand, the defendant, Nelson, stated that he had purchased the machine in partnership with Jones — that is, the two-thirds interest; that he only agreed to sign the note if plaintiffs would get the signature of Jones thereto; that upon this promise and express agreement he signed the note, with the understanding that he was not to be bound unless Jones signed it. Possession of the machinery was delivered to the defendant, Nelson, on the day of the sale and purchase of the two-thirds interest by him, Nelson. Mr. Parsons, in his work on Notes and Bills, lays down the following rule: "If the note be drawn with the intent that it shall be signed by several persons, and one or more of them sign it on a representation by the payee of the party to whom it is to be given, or by an understanding with him that the others shall sign it, and they do not, it is not valid against the actual signers." [1 Pars. Notes and Bills, 232.] But in 1 Civil Cas. Ct. App., § 647, where this rule is quoted, it is said: "It will be noticed, however, upon examination of the authorities cited by him in support of the rule, that the cases all differ from

the one we are considering in the important particular that the parties relieved against liability in those cases were all sureties or indorsers, and not parties primarily liable for a pre-existing debt.   How far the rule would or should be changed to meet the case of one ordinarily liable, and who had obtained a receipt of his original indebtedness, we do not deem it necessary to inquire or determine at this time.   The distinction in such cases between one originally liable for the debt and the partners or indorsers primarily liable, is, in our opinion, one of a most material character.   As to such former parties — that is, parties primarily liable for the debt — we are of opinion that they cannot claim immunity from liability upon the ground that other parties equally liable with them failed to sign the note as obligors.   In the case in hand Nelson was an original obligor.   He delivered the note to the plaintiffs after he had signed it, and they delivered the machinery, which was the consideration for which the note was given.   He accepted it, and has been using it ever since it was delivered to him.   We do not think, under the circumstances, he should be heard to complain that the note is invalid and wanting in consideration because another party to whom he had subsequently sold a half interest in the machinery had failed or refused to sign the said note after it had gone into the hands of the payee.   There is no fraud alleged or proven in this transaction with regard to the execution and delivery of the note.   Because, in our opinion the judgment is contrary to the law and the evidence, the judgment is reversed and the cause remanded.

April 27, 1892.                    Reversed and remanded.