## A. L. BALDWIN v. L. E. SELF ET AL.

### Decided December 5, 1908.

**1.—Pleading—Separate Defenses—Charge.**

In a suit against a husband and wife upon a promissory note and for foreclosure of a chattel mortgage, where the husband and wife answered jointly by general denial, and then separately, the husband by plea of non est factum, and the wife by plea of failure of consideration and coverture, it was reversible error for the court to charge the jury as follows: "If you find from the evidence that the consideration for which said note and mortgage was given has failed, you will find for the defendants, and so say by your verdict," because the wife alone had interposed a plea of failure of consideration and for the benefit of herself alone.

**2.—Same—Charge—Statement of Case.**

Where in a suit against husband and wife upon a note and for foreclosure of a chattel mortgage, the defendants pleading different defenses separately, it was error, because confusing and misleading, for the court to make the following statement of the case in its charge to the jury: "The defendants answering by general denial, a plea of coverture, the statute of frauds, and a plea of failure of consideration, and a plea of non est factum."

**3.—Failure of Consideration—Pleading—Sufficiency.**

To a suit upon a note the defendant interposed a plea of failure of consideration based upon the neglect of the plaintiff to pay an indebtedness of the defendant which the plaintiff had assumed; and which was a part of the consideration for the note; an exception to said plea upon the grounds that it did not allege any time when the indebtedness therein mentioned was to be paid, was properly overruled.

Appeal from the County Court of Hale County. Tried below before Hon. Geo. L. Mayfield.

*E. Graham,* for appellant.

*Wilson & Wilson,* for appellee.

PRESLER, ASSOCIATE JUSTICE.—This is a suit instituted in the Justice's Court of precinct number one, Hale County, by A. L. Baldwin against L. E. Self and wife, M. E. Self, on a promissory note for one hundred and seventy-seven dollars and fifty cents, with interest and attorney's fees, and asking for foreclosure of a mortgage lien on certain horse stock. Said note and mortgage are alleged to have been executed by appellees in favor of appellant, the mortgage to secure the payment of the note. The prayer of the petition was for judgment against both of the defendants, for foreclosure of lien, and for order of sale, and if said property did not sell for enough to pay off said indebtedness, then for judgment over against the defendant L. E. Self only for the difference. The case was tried in the Justice's Court and appealed to the County Court, where appellant relied on his pleadings as originally filed in the Justice's Court, and the appellees, L. E. Self and wife, M. E. Self, answered jointly by a plea of general denial, and further separately answered as follows: L. E. Self by his plea of *non est factum* and M. E. Self by plea of failure of consideration and coverture. On trial in the County Court verdict was returned that plaintiff take nothing by his suit, and judgment was accordingly entered against plaintiff and in favor of defendants, from which plaintiff prosecutes this appeal and here assigns error.

The first question of importance shown by the record in this case is raised by appellant's sixth assignment of error, to the effect that the court erred in instructing the jury as follows: "If you find from the evidence that the consideration for which said note and mortgage was given has failed, you will find for the defendants, and so say by your verdict." We agree with the contention of the appellant that the giving of this charge to the jury is reversible error, as it appears from the record that the appellee L. E. Self had only answered by a plea of general denial and *non est factum,* and that he did not plead failure of consideration, but that this last plea was made by the appellee M. E. Self separately and for the benefit of herself alone, as appears from an inspection of her said plea, and not for the benefit of both herself and appellee L. E. Self. It therefore follows that in instructing the jury the issue as to failure of consideration should have been confined to the appellee pleading the same—M. E. Self—as under the statute failure of consideration is required to be specially pleaded by the parties seeking to avoid an obligation on that ground. (Sayles' Texas Civil Statutes, article 1265, subdivision 10.) On account of the error as above indicated we are of the opinion that this case should be reversed and remanded. (Texas & Pac. Ry. Co. v. French, 86 Texas, 98; Loving v. Dixon, 56 Texas, 79.)

In connection with the consideration of the above referred to assignment, and in view of another trial of the case, we wish to remark that the statement of the nature of appellees' defenses, as made by the court and objected to under appellant's third assignment of error, while not presenting in our opinion reversible error, is possibly

subject to the criticism of being confusing and misleading, said statement of the court being as follows: "And the defendants answering by general denial, a plea of coverture, a statute of frauds, and a plea of failure of consideration, and a plea of *non est factum.*" The appellees having pleaded separately as to all the defenses made except the general denial, the court in its statement should have informed the jury clearly and correctly as to the pleadings so separately made by each of said appellees, as hereinbefore stated, it appearing from the record that the appellee L. E. Self alone pleaded *non est factum,* and the appellee M. E. Self alone pleaded failure of consideration and admitted upon her part and for herself alone the execution of the note and mortgage sued upon.

We are further of the opinion that the court properly overruled appellant's special exception to the appellee M. E. Self's plea of failure of consideration, the ground of said objection being that said plea did not allege any time when the indebtedness therein mentioned as agreed to be paid by appellant and therein stated to have been assumed by appellant, was to be paid off, said plea containing the further allegation that appellant had refused to pay said indebtedness. The omission of an allegation as to when such indebtedness became due was immaterial. Said plea also contained the further statement that appellant had agreed, as part of the consideration for the execution by her of the instruments sued on, to turn over to appellee about one hundred dollars claimed by appellant as being then in the Plainview Bank & Trust Company, and afterwards refused to allow appellee the said one hundred dollars. The court in our opinion properly refused to sustain said exception and strike out said plea of failure of consideration.

We are further of the opinion that there is no reversible error shown under appellant's fourth and fifth assignments of error relating to the question of ratification on the part of L. E. Self of the acts of his wife, M. E. Self, in reference to the execution of the instruments sued on and the matters involved in this suit; that the court in its general charge to the jury sufficiently submitted to the jury the question of acquiescence and ratification upon the part of the said L. E. Self.

In view of another trial of the case we deem it unnecessary to discuss appellant's seventh assignment of error, which is to the effect that the verdict of the jury and judgment of the court are contrary to the law and the evidence, further than to state that said assignment is here disallowed and overruled.

We conclude that on account of the error, as hereinbefore stated, committed by the court in its instruction as to the plea of failure of consideration, this case should be reversed and remanded for a new trial, and it is so ordered.

*Reversed and remanded.*