### BEARD et al. v. AUSTIN STATE BANKING COM'R. (No. 3426.)

Court of Civil Appeals of Texas. Texarkana. June 16, 1927.

**1. Bills and notes ⬥64—Statute relative to sureties' liability held not applicable so as to make sureties on unpaid note liable on their replacement note, given on unfulfilled condition (Negotiable Instruments Act, § 192).**

Negotiable Instruments Act, § 192 (Rev. St. 1925, art. 5948), relative to sureties' liability, *held* not applicable so as to make sureties on original unpaid note liable on a new note given by them on condition that the original maker also sign, original maker not having signed.

**2. Bills and notes ⬥64—Note given by sureties to replace unpaid one, and left with payee on condition note should not be binding until signed by original maker, held not delivered, hence ineffectual (Negotiable Instruments Act, §§ 15, 16).**

Where sureties signed new note to replace old one and left it with the payee under agreement that note should not be binding until signed by maker of original note, delivery was conditional, hence, in view of Negotiable Instruments Act, §§ 15, 16 (Rev. St. 1925, art. 5932), the note was ineffectual between the immediate parties to the agreement.

**3. Bills and notes ⬥65—Delivery of note is not revocable, when unconditional.**

After a note has been actually unconditionally delivered, the act of delivery is not revocable.

Appeal from Lamar County Court; J. M. Braswell, Judge.

Action by Charles O. Austin, as State Commissioner of Banking, against L. G. Beard and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Appellee, as the state commissioner of banking, brought the suit against the two appellants to recover a personal judgment on a note, alleged to have been executed by them to the First State Bank of Paris. The bank had become insolvent and its assets had been placed in the hands of a state liquidating agent. The defendants, besides a general denial, pleaded under oath in avoidance of any liability that they signed the note as sureties for T. M. Beard by agreement of the vice president, acting for the bank, that the note was not to be received and taken by the bank unless T. M. Beard also signed the same, and that such condition was not complied with. The case was tried before the court, who, in keeping with his findings of fact, entered a judgment in favor of the plaintiff for the amount of the note according to its terms.

According to the findings of the court, T. M. Beard executed a note for $294.27, payable to the order of the First State Bank of Paris, with the two appellants as sureties thereon. The note became due and the bank notified all the signers of that fact. Upon receiving the notice the two appellants went to the bank on January 4, 1926, and had the following understanding with the vice president of the bank acting for the bank: That the bank would extend the time of the payment of the debt upon the payment of the accumulated interest to date and the execution of a renewal note signed by the original parties for the amount of the note then due. Thereupon the appellants paid the accumulated interest, and a new note was drawn up for the amount of the note then due, and it was signed by the two appellants with the understanding with the vice president of the bank that he would have T. M. Beard sign the new note as principal at an early date. Neither the vice president nor any officer of the bank ever complied with the condition, and T. M. Beard never signed the note, and the two appellants were never notified or otherwise knew that T. M. Beard had not signed the note until the suit was actually brought. The following evidence, quoted from the testimony of J. L. Beard, is corroborated, and without conflict, by the evidence of all the witnesses:

"I went with my brother to the First State Bank to see about a note we had signed as sureties for T. M. Beard. Mr. E. H. McGlas-

son, vice president, told us that we could renew the note. He prepared a note for the amount of the old note and we signed it as sureties for T. M. Beard, with the understanding and agreement with Mr. E. H. McGlasson that T. M. Beard, the principal, and who was not present, was to sign the note before it was to be considered as our note and obligation. We paid the accumulated interest on the old note. We did not know that T. M. Beard had not signed the note until we were sued on it."

In addition to the above it was shown by L. G. Beard, and which is not disputed, as follows:

"Mr. McGlasson prepared a note, and we signed it as sureties for T. M. Beard, who was not present and who was to sign the note as maker. I asked Mr. McGlasson to let me take the note and have T. M. Beard sign it, but he said that he would keep the note and have T. M. Beard to sign it at an early date. We told Mr. McGlasson that we did not expect him to consider the note as our obligation until T. M. Beard had signed, and that we did not consider that we were bound until the note was signed by T. M. Beard, as maker."

The note sued upon was signed only by the two appellants. The name of T. M. Beard does not appear thereon. It was dated January 4, 1926, due October 1, 1926, and recites:

"For value received I, we, or either of us, promise to pay to the order of First State Bank of Paris, Texas, two hundred ninety-four and 27/100 dollars," etc.

The evidence reflects that the old note was kept by the bank and not delivered to appellants at the time or since the signing of the new note.

C. A. Martin, of Paris, for appellants.
R. E. Eubank, of Paris, for appellee.

LEVY, J. (after stating the facts as above). The appellants assign error in that "the court erred in holding that the note sued upon was a completed instrument, and that the defendants were bound to pay the same as their obligation." It was not disputed that the note sued upon was executed by two sureties and left in the possession of the bank upon the mutually agreed condition that another should sign as principal, and that unless so signed at an early date such note was not to be retained and held as an obligation, and the condition was not complied with. The failure of compliance with the condition was through no fault on the part of the appellants. Although the interest on the prior note was paid, yet the prior note was not delivered up to the appellants, signers of the new note, and the new note was not intended by any of the parties as a payment of the other note until and unless the mutually agreed condition was complied with.

There was no delivery of the note to the bank, with intention or purpose of the parties of giving effect thereto; and therefore the legal effect attaching to the facts is to deny the enforcement of the collection of the particular note by the bank, or the appellee as its legal representative. Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Foster v. Bank & Trust Co. (Tex. Com. App.) 288 S. W. 438.

[1-3] The appellee insists that, as appellants were by force of law primarily liable for the pre-existing debt in virtue of suretyship, they would not be relieved against liability upon the present note for failure to procure the signature of another person also primarily liable for the pre-existing debt. The authorities cited are 1 Joyce on Defenses to Com. Paper, § 35, and Garrison v. Nelson (Tex. App.) 19 S. W. 248, and section 192, Neg. Inst. Act (Rev. St. 1925, art. 5948). That rule is inapplicable and may not be invoked in the present suit, as the note was incomplete and there had been no delivery for the purpose of giving effect thereto. There was merely a conditional delivery, as mutually intended by the parties. Consequently the note became ineffectual as such between the immediate parties to the agreement. Sections 15 and 16, Neg. Inst. Act (Rev. St. 1925, art. 5932). The present suit is entirely between the immediate parties to the agreement. The contention of appellee assumes that there had been delivery of the note for the purpose of giving effect thereto, although lacking a signature agreed to be placed thereon. After a note has been actually unconditionally delivered, the act of delivery is not revocable. The distinction is one of material character. As the present note was never delivered nor intended by the parties to be delivered unconditionally for the purpose of giving effect thereto, it was not valid or effectual between the immediate parties for any purpose, without compliance with the condition. The appellee's remedy was to sue on the prior note or the debt itself.

The judgment is reversed, and judgment is here rendered in favor of the appellants, without prejudice to a suit on the prior note or the debt itself. The costs of appeal and of the trial court are taxed against the appellee.