**FOWLER v. HAYS et al.   (No. 7169.)**

Court of Civil Appeals of Texas. Austin. Nov. 2, 1927.

Rehearing Denied Nov. 16, 1927.

Writ of Error Refused Feb. 1, 1928.

1. **Bills and notes** ⊕=58—**Signers of note are released if payee violates agreement to secure additional signature.**

Signers of note are released if payee violates agreement to secure signature of another.

2. **Evidence** ⊕=444(6)—**Evidence that note indorsers were not to be held liable unless other signer was secured held not to vary written contract.**

In suit upon a note against indorsers, oral evidence that payee bank had promised to secure a certain other bank as principal on the note, and would not hold the indorsers liable, whereupon they had indorsed the instrument but designated principal had not been secured, *held* not inadmissible as varying written contract.

3. **Pleading** ⊕=375—**Where first defense is complete, defendants need not prove second defense merely because alleged.**

Where, in a suit against indorsers upon a note, a first defense is complete in itself, the defendants are not required to prove a second defense merely because they have alleged it.

4. **Banks and banking** ⊕=118—**Bills and notes** ⊕=517—**Evidence held to show payee's officer had authority to promise and had promised that note indorsers would not be held unless another signer was secured.**

Where the trustee of the payee bank sued indorsers upon a note, whereupon the defense was interposed that the bank's officer had promised, in securing the indorsers' signatures, that he would, obtain a certain bank as principal on the note and would not hold the indorsers liable thereon, evidence *held* to show that such officer had authority from the principal bank to make such promise and had so promised.

Appeal from District Court, Coleman County; J. P. Woodward, Judge.

Suit by B. B. Fowler, trustee, against J. S. Hays and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellees.

BLAIR, J. Appellant, as trustee for Rockwood State Bank, a state banking corporation which had ceased to do business, sued Calvin Cason, J. S. Hays, and J. O. Chaffin on a note for $1,400, signed by them and payable to said bank. In the face of the note was written, "secured by bank and personal security," and it bore, among others, the following indorsement:

"Pay to the order of Rockwood State Bank with recourse. Home State Bank, Dunning, Nebr. By P. Wilson, Pres."

Calvin Cason was dismissed from the suit because he was a nonresident and personal service of citation had not been had upon him within the state. Appellees J. S. Hays and J. O. Chaffin answered as follows:

"That at and before the time of execution of said note by these defendants, one Dr. Newsom, an active officer and director of Rockwood State Bank, of Rockwood, Tex., payee therein, and acting as agent of and for said bank, and the directors of said bank, approached these defendants, and requested them and each of them to sign said note, and promised and agreed with them that they or either of them would never have to pay same, and would not be called on to pay same, or any part thereof; that said note was the note of Calvin Cason, and that said Rockwood State Bank would require some bank in Nebraska, the name of which is well known to plaintiff, but which is not now remembered by defendants, to sign said note, as a principal, and pay said note if same was not paid by said Calvin Cason; and that these defendants and each of them signed said note at the request of said officer of said Rockwood State Bank, and with the express understanding and agreement that said bank in Nebraska would sign said note as a principal and that defendants would never have to pay the same, or any part thereof, as aforesaid, and they would not have signed said note had it not been for such understanding and agreement; and that they, or either of them, did not receive any consideration whatever for the execution of said note, but executed same only at the request of and for the accommodation of said Rockwood State Bank, and upon the representations aforesaid; and that said bank in Nebraska did not sign said note, and that it would be unjust and inequitable to require defendants, or either of them, to pay said note."

The only issue submitted to the jury and the answer thereto are as follows:

"At the time the defendants J. S. Hays and J. O. Chaffin signed the note in question in this suit, was it agreed by and between the said J. S. Hays and J. O. Chaffin and Dr. E. B. Newsom that said defendants would not be held liable on said note unless the same should be signed by the Dunning State Bank of Nebraska?" Answer: "Yes."

Appellant moved for an instructed verdict, which was denied, and judgment rendered for appellees upon the verdict of the jury.

No contention is made that the evidence does not fully sustain the jury's finding on the issue submitted. In fact, all witnesses agree that appellees signed the note with the understanding that the Dunning State Bank was to also sign it as a principal before any money was to be paid Cason on it. It is also undisputed that the signature of the Nebraska bank as a principal was not obtained by payee bank.

[1-3] Nor is there any dispute as to the well-settled rules of law that signers of a

note are released if payee violates an agreement to secure the signature of another and that such an agreement may be established by parol evidence. But appellant's contention is that because appellees alleged in one portion of their above-quoted answer that the note was executed "with express understanding and agreement that said bank in Nebraska would sign said note as a principal and that defendants would never have to pay same or any part thereof, etc.," they should be held to have alleged one indivisible contract which if enforced, as alleged, would permit the written contract to pay to be varied by the parol testimony that they were not to pay the note in any event or upon any condition. The contention is without merit. Construed as a whole, the pleadings simply allege that appellees signed the note with express agreement that payee would obtain the signature of a bank in Nebraska before any money was paid on it, and "that said bank in Nebraska did not sign said note." Or at most the pleadings allege: First, that appellees were not liable on the note because the bank had breached its agreement to obtain another signature thereto as a principal; and, second, that if the signature of the Nebraska bank had been obtained as principal, they "would never have to pay same or any part thereof," but "that said bank in Nebraska did not sign said note." The first allegation was proved to the satisfaction of the trial court and jury and determines the case. The contingency upon which the second allegation was based was alleged to have never happened. If it had been alleged that the contingency had happened, then that portion of the pleading should have probably been stricken on the demurrer that same varied by parol the terms of the written contract to pay. But since it was alleged that the contingency never happened, nothing is added to or taken from the allegation that the bank breached its agreement to obtain the additional signature, which is a complete defense in itself. And if it should be conceded, as contended for by appellant, that the second allegation added any fact to the first defense plead, then since the first defense was complete in itself, there is no rule of law to compel appellees to prove a second defense merely because they allege it.

[4] The contention that Dr. Newsom had no authority to bind the bank by the agreement to obtain the Nebraska bank's signature to the note is without merit. Appellees alleged that Dr. Newsom and the directors of the bank made the agreement before they signed the note. Not only Dr. Newsom, but all the directors, including the president and cashier, testified it was understood and agreed at the special board meeting called to pass upon this loan that the signature of the Nebraska bank as a principal would be obtained before any money was paid Cason on the note, which was not done.

The allegation that when the note was signed by the Nebraska bank appellees were to be released from liability thereon becomes immaterial under our above holding, and likewise any agreement which appellees may have alleged and proved in reference thereto with the said Dr. Newsom also becomes immaterial, as well as the question of his authority to make such an agreement.

We find no error in the judgment and it will be affirmed.

Affirmed.