## HARRISON et ux. v. PILOT LIFE INS. CO.

### No. 13499.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 5, 1937.

Houtchens & Houtchens, J. Harold Craik, and J. Elwood Winters, all of Fort Worth, for appellants.

Rawlings & Sayers and Nelson Scurlock, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by the Pilot Life Insurance Company against F. E. Harrison and wife, Eula Elizabeth Harrison, Elton M. Hyder and wife, Ida Van Horne Hyder, and Gum Bros. Company, a private corporation, to recover the unpaid balance due on a promissory note executed by defendants Elton M. Hyder and wife, for the principal sum of $6,500, dated August 26, 1926, in favor of defendant Gum Bros. Company, and foreclosure of a deed of trust of even date on certain real estate given to secure the note.

It was alleged that defendants Hyder and wife sold the property to defendants F. E. Harrison and wife, who assumed payment of the unpaid balance of the note, which was thereafter sold and assigned to plaintiff Pilot Life Insurance Company, who is now owner and holder for value.

It was further alleged that on February 27, 1932, defendants F. E. Harrison and wife executed their written agreement with plaintiff for an extension of the unpaid balance of the indebtedness, contracting to pay plaintiff the same in semiannual installments, which they had failed to do.

Defendants F. E. Harrison and wife and Elton M. Hyder and wife filed answers embodying a general demurrer and a general denial, with suggestion of lack of other necessary parties, without naming them and which was abandoned, but no other defense except a plea of coverture by Mrs. Hyder and a plea by her husband of suretyship for F. E. Harrison, which was likewise abandoned.

Upon a trial without a jury, judgment was rendered in favor of plaintiff against defendants F. E. Harrison and Elton M. Hyder, jointly and severally, for the unpaid balance due on said note. as extended, with foreclosure of the mortgage lien on the property described in the deed of trust as against all defendants; the foreclosure as against Gum Bros. being by default.

F. E. Harrison and wife alone have appealed, and the only assignments of error presented relate to the admission of documentary evidence to support plaintiff's suit.

Originals of the note, deed of trust, and the extension agreement signed by appellants were all introduced over appellants' general objection that no proper predicate had been laid therefor, with no suggestion as to the character of predicate meant. But in their briefs filed here article 3726, Rev.Civ.Statutes, as amended by Acts 1927, 1st Called Sess., c. 73, § 1 (Vernon's Ann.Civ.St. art. 3726), is invoked, which provides that instruments of that character may be introduced in evidence without proof of their execution, provided they are filed with the papers of the case and notice thereof given to the opposite party. It is pointed out that no proof was offered to show that appellants had executed those instruments, also plaintiff's failure · to file the instruments with the papers as contemplated by that statute, and appellants argue that by reason of those facts plaintiff had failed to make out its case against them.

In the first place, the objection made in the trial court to the introduction of those instruments was too general to serve as a basis for the contention now urged for the first time here. Moreover,

article 3734, Rev.Civ.Statutes, reads: "When any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit denying the execution thereof; and the like rule shall prevail in all suits against indorsers and sureties upon any note or instrument in writing. When any such instrument or note in writing is charged to have been executed by any testator or intestate, it shall be received in evidence in like manner, unless some suspicion is cast upon it by an affidavit of the executor or administrator of such testator or intestate."

Since none of the defendants filed any plea of non est factum, the instruments were admissible without proof of their execution, and especially so since, according to recitals in the extension agreement, appellants expressly acknowledged that the property had been conveyed to them by Hyder and wife, and in consideration therefor they had assumed payment of the original note and the extension thereof. Plaintiff's suit being based on allegations of the execution of those instruments, the provisions of article 3734 are controlling to the exclusion of article 3726. And, in the absence of an affidavit by some of the defendants in the suit that the alleged assignment of the note to plaintiff was forged, no proof thereof was required. Article 573, Rev.Civ.Statutes; 6 Tex.Jur. p. 942.

The instruments referred to above made a prima facie case for plaintiff without contradiction, and therefore the error, if any, in admitting the deed records of those instruments, over appellants' objection, based on such decisions as Watters v. Parker, 19 S.W. 1022, and Peck v. Clark, 18 Tex. 239, was harmless. Hinton v. Uvalde Paving Co. (Tex.Civ.App.) 77 S.W.(2d) 733; 6 Tex.Jur. 940–942, §§ 267–269; Bosley v. Pease (Tex.Civ.App.) 22 S.W. 516.

All assignments of error are overruled and the judgment against appellants is af-firmed. The judgment against all other defendants, from which no appeal has been prosecuted, is left undisturbed.