**EXCHANGE NAT. BANK v. PARSONS et al.**

**No. 1784.**

Court of Civil Appeals of Texas. Eastland.

April 29, 1938.

818

Frank Sparks, of Eastland, for appellant.

Scott & Gilbert, of Cisco, for appellees.

FUNDERBURK, Justice.

In this suit Exchange National Bank of Eastland, Tex., seeks to recover against J. D. Parsons upon a note dated May 8, 1929, for the principal sum of $3,520 (upon which $1,000 was acknowledged as a credit), payable on demand to said bank; and against J. D. Parsons, his wife, Mrs. M. A. Parsons, and their three daughters, Rebecca, Luda May, and Clemma Parsons, for cancellation of deeds to said daughters of 253 acres of land in Eastland county and 240 acres in Jones county, alleged to constitute conveyances made with intent to delay, hinder, and defraud plaintiff as a creditor. Plaintiff alleged that said note was a renewal of a former note dated January 17, 1929; that, at the time of the execution of said original note, Parsons made a signed written statement to appellant to the effect that he owned the 240-acre tract of land in Jones county of the value of $12,000, the 253-acre tract in Eastland county of the value of $5,000, and, in addition, a home in Eastland of the value of $4,000, all of which were free of encumbrances and "will so remain while indebtedness to Exchange National Bank is unpaid." It was alleged that said 253 and 240 acre tracts had been conveyed to said named daughters without valuable consideration therefor, in violation of the said statement that same would remain free of encumbrances while the said indebtedness existed, and to place said property beyond the reach of J. D. Parsons' creditors, and to defeat the note in suit.

Defendant J. D. Parsons, in addition to general demurrer and general denial, specially pleaded to the effect that he was an accommodation surety on the original note given to take up an overdraft due by a firm consisting of C. C. Lowe and Jodie Parsons (the latter a son of J. D. Parsons), and that he signed same upon an agreed condition that the principals C. C. Lowe and Jodie Parsons should sign the note; that by reason of the failure of the bank to have such principals sign the note, defendant was not liable.

J. D. Parsons and wife specially pleaded that they were indebted to their said three daughters in the sum of $3,500; that they conveyed to them said land in settlement and payment of said indebtedness; that, while the recited consideration was $1 and love and affection, the real consideration was the discharge of said indebtedness. They further specially pleaded that the 253 acres of land in Eastland county was their homestead, exempt from the claims of creditors and that, therefore, they had the legal right to convey same to their daughters.

The special pleadings of J. D. Parsons and wife with reference to the conveyance of the land to their daughters and the claim that the 253-acre tract was homestead of J. D. Parsons were repeated in special separate pleas by the daughters.

By supplemental petition plaintiff pleaded that J. D. Parsons by paying the $1,000 on the note had thereby ratified and confirmed the debt and obligation and was estopped to assert that he was not liable to pay the note.

In a nonjury trial the court rendered judgment generally for defendants and against plaintiff, from which judgment the latter has appealed.

By the first proposition appellant contends, in effect, that the execution of the note by J. D. Parsons having been shown and not denied by verified plea of non est factum or want of consideration, and being past due and unpaid, said Parsons was thereby shown to be liable for the debt.

The evidence did not raise any question, to support which, a plea of non est factum was necessary. No effect, we think, can be given to the fact that the plea of want of consideration was not verified. The record shows that appellant excepted to the plea because it was

not verified; but it further shows no action on the exception. There is no assignment of error presenting any question regarding such exception. It seems to be the rule in this state that a failure to except to the nonverification of a plea of want or failure of consideration constitutes a waiver thereof. Williams v. Bailes, 9 Tex. 61; Drew v. Harrison, 12 Tex. 279; Rankert v. Clow, 16 Tex. 9; Capps v. Olive, Tex.Civ.App., 26 S.W. 471; Nasworthy v. Draper, Tex.Civ.App., 28 S.W. 564; Ashcroft v. Stephens, 16 Tex.Civ.App. 341, 40 S.W. 1036; Adcock v. Creighton, 27 Tex.Civ.App. 243, 65 S.W. 42; Gulf, C. & S. F. Ry. Co. v. Jackson, Tex.Civ.App., 86 S.W. 47; Oneal v. Weisman, 39 Tex.Civ.App. 592, 88 S.W. 290; Standard Underground Cable Co. v. Southern Ind. Telephone Co., Tex.Civ. App., 134 S.W. 429; Texas Co. v. Dunn, Tex.Civ.App., 219 S.W. 300; First Nat. Bank v. Sproles, Tex.Civ.App., 233 S.W. 329; Farris v. U. S. F. & G. Co., Tex. Civ.App., 251 S.W. 612; Citizens' Garage Co. v. Wilson, Tex.Civ.App., 252 S.W. 186; Great So. Life Ins. Co. v. Heavin, Tex. Civ.App., 21 S.W.2d 1086; Nelson v. San Antonio Traction Co., Tex.Civ.App., 142 S.W. 146; Brown v. Weir, Tex.Civ.App., 293 S.W. 916; Taber v. Eyler, Tex.Civ. App., 162 S.W. 490; St. Louis, S. F. & T. Ry. Co. v. Wall, Tex.Civ.App., 165 S.W. 527; Dyo v. Winningham, Tex.Civ.App., 31 S.W.2d 1093; Legg v. Morrow, Tex. Civ.App., 60 S.W.2d 332.

▮ A special exception not called to the attention of the court, and a ruling thereon procured, is regarded as waived. It would be the same, we think, as if no exception had been made. The first proposition, based as it thus appears upon an untenable premise, is overruled.

The next proposition is: "The note herein sued on given in renewal of a previous note obtained by the payee therein under alleged false representation that other signers would be obtained thereon, when so renewed and delivered is freed from such defense to the original note, and the want of consideration where [or] fraudulent misrepresentations are waived as a defense to such renewal note."

▮ In order to support the judgment denying appellant any recovery on the note the trial judge must be presumed to have found from the evidence that J. D. Parsons signed the original note as surety for C. C. Lowe and Jodie Parsons upon the condition agreed to by appellant that the note, in order to become effective, was to be signed by said principals; and that the note in suit being a mere renewal of the first note was without consideration. The testimony of J. D. Parsons supported such a conclusion and therefore at least raised an issue of fact, the finding of which in favor of appellees would be conclusive upon appellant.

▮ The proposition is supported by abundant authority that one who signs a note upon the condition agreed to, or known, by the payee that it is not to become effective unless signed by others, will not be liable for its payment, unless it is so signed. R.S.1925, art. 5932, § 16; Wheeler & Wilson Mfg. Co. v. Briggs, Tex.Sup., 18 S.W. 555; Loving v. Dixon, 56 Tex. 75; Foster v. Security Bank & Trust Co., Tex.Com.App., 288 S.W. 438; Fowler v. Hays, Tex.Civ.App., 1 S.W.2d 1097; W. T. Rawleigh Co. v. Izard, Tex.Civ.App., 113 S.W.2d 620; Kimball-Krough Pump Co. v. Judd, Tex.Civ.App., 88 S.W.2d 579; Shaw v. Avant, Tex.Civ. App., 23 S.W.2d 447; Shaw v. Nolen, Tex. Civ.App., 23 S.W.2d 445; Beard v. Austin, Tex.Civ.App., 297 S.W. 786; Stone v. Adams Nat. Bank, Tex.Civ.App., 263 S.W. 1112; Brannon's Negotiable Instrument Law, p. 135, § 16.

▮ In order for one to defend against a claim for liability on such a note given subject to such condition it is not necessary for the defendant to have recourse to principles governing fraud as avoiding liability. The failure of appellant to procure the signatures of C. C. Lowe and Jodie Parsons did not have the effect simply to release J. D. Parsons, "for he had never been bound,—the contingency on which he was to become liable had not occurred." Loving v. Dixon, supra.

▮ If the proposition under consideration is to be regarded as referable to the theory that a waiver or estoppel was conclusively shown by the evidence, we deem it sufficient to say that in our opinion the evidence upon such issue was not conclusive. In fact, the only estoppel attempted to be pleaded was based upon the payment of $1,000 by J. D. Parsons on the note. We may assume without deciding that estoppel was sufficiently pleaded. If so, the proposition under consideration makes no reference to estoppel predicated upon payment of the $1,000. Parsons testified that he did not know C. C.

820 .

Lowe and Jodie Parsons had not signed the original note until appellant was threatening suit upon the renewal note. But at any rate, the court was justified in concluding that the note in suit was given for the debt of third persons without consideration. In Loving v. Dixon, supra, in a very similar situation the court said: "And if Loving, after he ascertained that Terrell had failed to sign it, had promised to pay the same, this would have been but a promise to pay the debt of another, for prior to such promise he was not bound for Dyer's debt. To bind him upon such promise, some consideration would have to be shown." Conceding that the note itself imported a consideration and that Parsons had the burden of rebutting the presumption of consideration, we think the evidence raised an issue of fact which must be held to have been concluded by the finding of the trial judge which the judgment necessarily implies. Upon the general proposition that a renewal note is subject to the same defenses as the original note, see 8 C.J. p. 444, § 658; Id. p. 751, § 6; 6 Tex.Jur. p. 653, § 55; Culver v. Haggard, Tex.Com.App., 270 S.W. 846; Goodwin v. Abilene State Bank, Tex.Civ. App., 20 S.W.2d 1090.

The conclusions stated render it unnecessary to consider other phases of the case since all other rights of appellant were dependent upon the existence of an indebtedness owing by J. D. Parsons to appellant.

It is our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.