## POULTER v. DAVIS.
### No. 13929.

Court of Civil Appeals of Texas.
Fort Worth.
June 23, 1939.

John L. Poulter, of Fort Worth, for appellant.

R. B. Hood, of Weatherford, for appellee.

BROWN, Justice.

Appellant brought suit against appellee in the County Court of Parker County on two counts: The first sets up two promissory notes, each dated May 1st, 1934, payable to the order of appellant one year from date, bearing interest at the rate of 10 per cent per annum, and 10 per cent attorney's fees, one for the principal sum

of $91, and the other for the principal sum of $321.50; the second count sets forth that on or about July 8th, 1929, appellee and one Lovell Davis jointly and severally made a note payable to order of one W. G. Cockerell, for a valuable consideration, on January 1st, 1930, bearing interest from date at the rate of 10 per cent per annum, and providing for 10 per cent attorney's fees, the principal being for $214.33; and that the large note sued upon in the first count is a renewal of said $214.33 note; that on or about August 1st, 1931, appellee, for a valuable consideration, executed and delivered to said Cockerell a note in the principal sum of $70, bearing interest from date at the rate of 10 per cent per annum, and providing for 10 per cent attorney's fees; and that the smaller note sued upon in the first count is ·a renewal of the said $70 note. Appellant alleged that these two old notes had been endorsed by the payee, Cockerell, and delivered to him.

He sued in the alternative for a recovery upon the two notes described in the second count, if for any reason he be denied recovery upon the renewal notes.

Appellee answered by general demurrer, general denial, that the notes sued upon are without consideration, that they were procured through false and fraudulent representations, which were that appellant represented that he was the owner and holder of certain accounts and notes claimed by one W. G. Cockerell, that such representations were untrue and that appellant was not the owner and holder of such accounts and notes, but that such notes and accounts had only been placed in appellant's hands for collection, and that appellant and Cockerell had colluded for the purpose of inducing appellee to sign the notes. He further alleged that he executed the notes described in the first count only upon the agreement that Lovell Davis's signature would be obtained thereto, and that he would not be liable unless said Lovell Davis signed same, but such signature was never procured and no attempt to procure same was made by appellant, or Cockerell.

He further alleged that he was not primarily liable on the obligations made to Cockerell, but that the obligations were the joint obligations of himself and Lovell Davis.

It is here noted that the defense of limitations was not pleaded as against the right to recover on the old notes set up in appellant's second count.

After all demurrers and exceptions were overruled by the trial court, the cause proceeded to trial before the court, and resulted in a judgment that appellant take nothing as against appellee, C. R. Davis. Hence the appeal.

The court filed findings of fact and conclusions of law.

It was found that the notes executed by C. R. Davis 'to W. G. Cockerell were never transferred or assigned to appellant, Poulter, and that appellant could not maintain the suit.

It was further found that when the notes sued upon were actually signed by Davis, it was on the promise that the name of W. G. Cockerell should be inserted in the same as "payee", and that the name of G. W. Poulter was not in the notes as payee when Davis signed the notes, but that Poulter's name was inserted thereafter without the knowledge or consent of Davis, "and the notes when sued on were not the property *or* the said G. W. Poulter and were not the property of the plaintiff, and said notes were without consideration, and the court finds as a matter of law the defendant was not liable on same."

The court further found that "the original notes executed by the defendant and Lovell Davis, were the joint obligations of said defendant and Lovell Davis" and that when defendant signed the notes that were last signed, it was with "the specific agreement by and between the plaintiff and defendant and confirmed by W. G. Cockerell that the said notes were not payable and collectible, and would never be presented for payment unless they were signed by the said Lovell Davis", that Lovell Davis never signed same and was never asked by plaintiff to sign same.

It was further found that C. R. Davis was never at any time indebted to G. W. Poulter.

The "original notes", for $214.33 and $70.00, respectively, made payable to order of W. G. Cockerell, were introduced in evidence and each bore the following endorsement: "Without recourse on me, W. G. Cockerell".

■ Cockerell testified that he so endorsed the notes and delivered same to appellant, Poulter. Having so testified, it was no concern of the trial court, or of the maker, why the notes were so endorsed and delivered, and the only defense to a suit thereupon would, of necessity, be re-

stricted to such defenses as the maker might have, were the suit brought by the original payee. This because it is not shown that the transfer of title was made before maturity.

We hold that the "original notes" were "negotiated" and appellant, Poulter, had the right to bring suit thereupon.

Art. 5934 R.C.S. (Negotiable Instruments Act), sections 30, 31, 33, 34, 38 and 49.

Section 34, cited, in part provides: "An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery."

One of these "original notes" shows to have been signed by appellee and by his son, Lovell E. Davis. It reads: "I, we, or either of us promise to pay to the order of W. G. Cockerell, etc."

The other note shows to be signed only by appellee.

One of these "original notes" is the joint and several obligation of appellee and Lovell E. Davis, the other is the obligation of appellee.

Appellee, C. R. Davis, admitted, without equivocation, that he was indebted to W. G. Cockerell, as is evidenced by the two "original notes".

With no plea of limitations urged against the "original notes", on which suit was brought in the second count, appellant was undoubtedly entitled to judgment thereupon, even if it could be said that appellant was not entitled to recover on the two renewal notes.

Let it be noted that all of the sworn pleadings of Davis refer to the renewal notes, none relates to the "original notes".

In the absence of a plea of non est factum, these notes were all admissible without proof of execution, and in the absence of an affidavit by Davis that the alleged endorsement of the note was forged, no proof thereof was necessary.

Harrison et ux. v. Pilot Life Ins. Co., Tex.Civ.App., 101 S.W.2d 1027, opinion by Chief Justice Dunklin; Art. 573, R.C.S.

It appears from the record that, C. R. Davis having unqualifiedly admitted that he owed G. W. Cockerell the debts evidenced by the two original notes, has presented a very novel defense to the renewal notes—one that we have found no authority to support.

Davis says that appellant, Poulter, and the original creditor, Cockerell, both told him that Cockerell had turned the notes over to Poulter to collect, and his complaint over the two renewal notes is twofold: 1st, that they were to be made payable to Cockerell, which was not done, and 2nd, that they promised him they would get his son to sign the notes.

Our sense of justice leads us to the conclusion that after Davis signed the notes, as he contends, made payable to a "blank" payee, it can make no material difference whether the payee written into the blank space is Cockerell or Poulter. In either event, under the very facts contended for by Davis, he owed the debt evidenced by the notes and he was fully protected.

When Poulter recovered on the notes the judgment would be an effective bar against any claim by Cockerell. But here we find Cockerell, in court, on the witness stand, giving his consent to and urging a recovery by Poulter.

The cases of Thompson v. Cartwright, 1 Tex. 87, 46 Am.Dec. 95; De Cordova v. Atchison, 13 Tex. 372; Houston Finance Corp. v. Stewart, Tex.Civ.App., 7 S.W.2d 644, and Phoenix Assur. Co. v. Allison, 87 Tex. 593, 30 S.W. 547, and other like cases settle the question before us.

The finding made by the trial court that these two "original notes" were never transferred or assigned to Poulter is without pleading or evidence to support it.

The other contention is that Davis should be released from obligation on the renewal notes because of the promise to obtain and the failure to procure the signature of Lovell Davis thereto.

It is shown and even admitted that C. R. Davis owed the debts evidenced by the notes. The renewal was as much for his accommodation and convenience as it would have been for Lovell Davis, even if such an agreement had been made.

C. R. Davis was shown to be primarily liable on the two "original notes". There could not be and was not any consideration for such a promise, if it were made, and the failure to obtain the signature of Lovell Davis furnishes no defense to the debt so far as C. R. Davis is concerned. Garrison v. Nelson, 4 Willson Civ.Cas.Ct.App. § 308, 19 S.W. 248.

We have no doubt as to the right of Poulter to recover on the renewal notes,

but if it could possibly be said that no such recovery could be had by him on these notes, then he undoubtedly had the right to recover upon the "original notes", which were endorsed by the payee, in blank, and delivered to him for collection. 6 Tex.Juri., para. 230, page 891, Edwards et al. v. Hatch, Tex.Civ.App., 106 S.W.2d 741, and cases cited.

Recovery in either event would be for the same amount.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered for appellant against C. R. Davis, for the amount sued for, to-wit, $620.25, with interest provided for in the note from July 27th, 1938.