BABCOCK & RUSSELL *v.·* PETER HAWKINS.

*Accord and satisfaction.    Consideration.    Execution of accord.*
*Substituted security.*

An agreement upon sufficient consideration, fully executed, so as to have opera-
ted, in the minds of the parties, as a full satisfaction and settlement of a pre-
existing contract, or account, between the parties, is to be regarded as a valid
·settlement, whether the new contract be ever paid, or not; and the party is
bound to sue upon the new contract, if such were the agreement of the parties.

There is no want of consideration in any such case, where one contract is substi-
tuted for another,—and especially so, where the amount due upon the former
contract, or account, is matter of dispute.

The accord is sufficiently executed, when all is done, which the party agrees to
accept in satisfaction of the pre-existing obligation; and this is ordinarily a
matter of intention, and may be evidenced by surrender of the former securi-
ties, by release, by receipt in full, or in any other mode showing such a pur-
pose.

In every case, where one security, or contract, is agreed to be received in lieu of
another, whether the substituted contract be of the same or a higher grade, the
action, in case of failure to perform, must be upon the substituted contract.

BOOK ACCOUNT.    Judgment to account was rendered in the
county court, and an auditor was appointed, who reported the facts
substantially as follows.

The plaintiffs exhibited an account against· the defendant, only
one item of which was disputed, which was for a horse, charged by
the plaintiffs at $60,00, and which was allowed by the auditor at
$52,50.  The whole account was allowed by the auditor at $323,16.
The plaintiffs exhibited credits to the amount of $285,87, which in-
cluded a credit for a note for $30,00, given by the defendant to the
plaintiffs August 14, 1849, and the defendant claimed and was
allowed an account of $0,75; and the auditor reported, that there
was a balance due from the defendant to the plaintiffs of $31,68,
which they were entitled to recover, unless the facts hereinafter sta-
ted, which were relied upon by the defendant, would in law preclude
the plaintiffs from any right of recovery.

XXIII.      71

It appeared, that on the fourteenth of August, 1849, which was subsequent to the commencement of this suit, the parties met, and the defendant agreed to give a note for $30,00 to the plaintiffs, and pay all the plaintiffs' costs in the suit, except the writ and service. The defendant executed the note,—which is the one credited to him by the plaintiffs, as above stated, and agreed to pay the costs, as above stated, and the plaintiffs then executed and delivered to him a receipt in these words :—" Received of Peter Hawkins thirty dollars by note given *per* this date in full to settle all book accounts up to this date ;"—and the suit, as well as the subject matter of the suit, was considered settled by the parties. The defendant never paid any portion of the costs, but paid part of the note ; and for the reason that the defendant had not paid the costs the plaintiffs refused to discontinue the suit.

The county court, February Adjourned Term, 1851,—POLAND, J., presiding,—accepted the report and rendered judgment for the defendant. . Exceptions by plaintiffs.

*G. W. Stone* and *J. McLean* for plaintiffs.

The facts disclosed in the report, in relation to the execution of the note and receipt, show that they were executed in fraud on the part of the defendant, and the most it shows for the defendant is accord without satisfaction. The acceptance and fulfilment of the offer of the plaintiffs to the defendant was a condition precedent, to have been performed by the defendant before any obligation rested on the plaintiffs to discontinue the suit. The principles involved in the case are fully settled in *Bryant* v. *Gale,* 5 Vt. 416. There is no pretence, even, by the defendant, of satisfaction, or of tender of satisfaction. The report shows only part performance by his executing the note,—and of that he had the full benefit by its being deducted from the plaintiffs' account. The defendant ought not now to be permitted to take advantage of his fraudulent acts and visit the consequences of them on the plaintiffs. *Keyes* v. *Carpenter,* 3 Vt. 209. His presenting an account in offset shows, that he did not consider the attempt at settlement conclusive between them.

Babcock et al. *v.* Hawkins.

*T. Howard* for defendant.

The arrangement between the parties was a full, perfect and legal settlement of all matters of account between them, and a bar to this suit, then on the docket, and so considered and intended by the parties. *Hutchins et al.* v. *Olcott*, 4 Vt. 549. *Paige* v. *Perno*, 10 Vt. 491. The account, in respect to the horse, was unliquidated and disputed, and the plaintiffs are bound by the settlement which was made. *McDaniels* v. *Lapham et al.*, 21 Vt. 222. 1 Smith's Lead. Cas. 256. *Sheehy* v. *Mandeville*, 6 Cranch 253.

The opinion of the court was delivered by

REDFIELD, J. There is perhaps no subject connected with the law, upon which there has been more discussion, than that of accord and satisfaction, or upon which there is more want of agreement. But we think it must be regarded as fully settled, that an agreement upon sufficient consideration, fully executed, so as to have operated, in the minds of the parties, as a full satisfaction and settlement of a pre-existing contract or account, between the parties, is to be regarded as a valid settlement, whether the new contract be ever paid, or not, and that the party is bound to sue upon the new contract, if such were the agreement of the parties. This is certainly the common understanding of the matter. It is reasonable, and we think it is in accordance with the strictest principles of technical law.

1. There is no want of consideration, in any such case, where one contract is substituted for another, and especially so, where the amount due upon the former contract, or account is matter of dispute. The liquidating a disputed claim is always a sufficient consideration for a new promise. *Holcomb* v. *Stimpson*, 8 Vt. 151.

2. The accord is sufficiently executed, when all is done, which the party agrees to accept in satisfaction of the pre-existing obligation. This is ordinarily a matter of intention, and should be evidenced, by some express agreement to that effect, or by some unequivocal act evidencing such a purpose. This may be done by surrender of the former securities, by release or receipt in full, or in any other mode. All that is requisite is, that the debtor should have executed the new contract to that point whence it was to operate as satisfaction of the pre-existing liability, in the present tense.

That is shown, in the present case, by executing a receipt in full, the same, as if the old contract had been upon note, or bill, and the papers had been surrendered.

3. In every case, where one security, or contract, is agreed to be received in lieu of another, whether the substituted contract be of the same or a higher grade, the action, in case of failure to perform, must be upon the substituted contract. And in the present case, as it is obvious to us, that the plaintiffs agreed to accept the note and the defendant's promise to pay the costs in full satisfaction, and in the place of the former liability, the defendant remained liable only upon the new contract.

4. In all cases, where the party intends to retain his former remedy, he will neither surrender or release it; and whether the party shall be permitted to sue upon his original contract is matter of intention always, unless the new contract be of a higher grade of contract, in which case it will always merge the former contract, notwithstanding the agreement of the debtor to still remain liable upon the original contract.

5. In every case of a valid contract, upon sufficient consideration, to discharge a former contract in some new mode, the new contract supersedes the remedy for the time, until there has been a failure; and then the creditor may always, if he choose, sue upon the new contract. This is certainly the inclination of the more modern cases.

We think the judgment must be affirmed.