ADAMS v. OVERLAND AUTOMOBILE CO.
(No. 7900.)

(Court of Civil Appeals of Texas. Dallas. March 16, 1918.)

1. APPEAL AND ERROR ⊂⊃966(2) — CONTINUANCE ⊂⊃19 — DISCRETION OF COURT — REVIEW.

Where the parties had agreed to try the case the last jury week in December, defendant's attorneys' application for continuance on the ground that defendant was absent from the city, but had intended to return in time for the trial and would return in a few days, was not a statutory application, and its disposition rested largely in the discretion of the court, not reviewable in the absence of abuse.

2. CONTINUANCE ⊂⊃19 — DISCRETION OF COURT.

It is the legal duty of a party to an action to keep himself posted as to the setting of the case for trial, and to be present to testify and aid his counsel.

3. BILLS AND NOTES ⊂⊃140—FRAUD—RATIFICATION.

Where defendant gave his note for an automobile represented to be new, and later discovered that it was not, his giving a renewal note and payment of part of the note after discovering the misrepresentation prevented his pleading failure of consideration in an action on the note.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by the Overland Automobile Company against H. H. Adams. Judgment for plaintiff, and defendant appeals. Affirmed.

Adams & Stennis, of Dallas, for appellant. Bird & Bird, of Dallas, for appellee.

TALBOT, J. The appellee sued the appellant April 14, 1915, on a promissory note for the sum of $290, bearing interest at the rate of 10 per cent. per annum, and providing to pay an additional 10 per cent. of the full amount of the note as attorney's fees, if same was placed in the hands of an attorney for collection. The appellant answered May 4, 1915, admitting the execution of the note, that it was past due and unpaid, and that appellant had refused to pay it or any part thereof. The appellant alleged that the note was given in part payment for an automobile sold to him by appellee as a new car, of good material, of first-class workmanship, and one that would operate well; that the purchase price of the automobile, $1,000, less the amount of the note sued on, had been paid; that said automobile, when sold, was not a new car, but was an old one, and had been used to such an extent as to materially wear and damage same, and was not really worth more than $500, and that the consideration for said note had wholly failed; that a portion of the purchase price was paid after defects were discovered in the automobile, but upon the promise of the appellee to make good such defects; that appellant relied upon the said representations made to him with reference to said automobile and upon the later promise of the appellee to make good the defects therein; that said representations were untrue, and that appellee has failed to remedy the defects in said automobile; that by reason of the premises the appellant has been damaged in the sum of $500; and for this amount appellant prayed judgment. The case was tried December 22, 1916, before the court and a jury, and verdict and judgment rendered in favor of the appellee for the amount sued for. From this judgment appellant perfected an appeal.

The single assignment of error presented to this court is as follows:

"The court erred in overruling the application of the defendant for a continuance of this cause because of the absence of the defendant, whose presence was necessary to enable his counsel to present his defense, and whose testimony would have been material to his pleas of failure of consideration and cross-bill for damages, and who was not absent through any fault of defendant nor with any intention of absenting himself from the trial of this cause, as more fully appears from the defendant's bill of exceptions No. 1."

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The record discloses that on May 27, 1914, appellant purchased from appellee two Overland automobiles, a five-passenger and a roadster, and in consideration therefor paid part cash and gave to appellee his certain promissory note for the sum of $625, due and payable on September 1, 1914, and two second hand cars, a Stevens-Duray, for which appellant was allowed $650, and an "R. C. H.," for which he was allowed $400. Thereafter, on September 1, 1914, at the maturity of said note, appellee presented it to appellant for payment, and being unable to collect the note appellee placed same in the hands of its attorney, J. C. Bird, of the firm of Bird & Bird, for collection. Thereupon J. C. Bird, as attorney for appellee, presented said $625 note to appellant for payment, and appellant asked for an extension of time, and did not pay the note. On the 20th day of November, 1914, appellant went to the office of appellee, the Overland Automobile Company, in the city of Dallas to get an extension of the $625 note, and Mr. Bird was called there, and after negotiations appellant paid a part of the principal of said $625 note and all of the interest due, and the 10 per cent. attorney's fees due on the note, and executed for the balance of said note his two certain promissory notes, one note for $250 and the other for $290. The $250 note was paid by appellant at its maturity, and the $290 note, when it became due on February 20, 1915, was not paid by appellant, though duly presented by appellee, and appellee placed it in the hands of its attorney, J. C. Bird, for collection or suit, and Mr. Bird called to see Mr. Adams and tried to collect the note, but failed to do so, and filed this suit on April 14, 1915, for the collection thereof.

When the case was called for trial December 21, 1916, the appellant announced not ready for trial, and, as shown by bill of exceptions, presented a written application for a continuance or postponement of the trial of the cause, which was by the court overruled. In this application, which was verified by one of appellant's attorneys, it is stated, in substance, that since the filing of the suit the trial thereof had been continued for "various good and sufficient reasons"; that on numerous occasions the appellant, having been advised that the cause was set for trial, had prepared to try the same; that at the November term, 1916, of the court (the term during which the case was tried), the cause was first set for trial on November 20, 1916, and by agreement was passed to a later date, and would have been reached on the 11th day of December, 1916, prior to which time appellant, together with his witnesses, had been present for several days and ready for trial, and appellant's counsel were informed by counsel for the appellee that they would be unable to try the case at that time, but that the case might be taken up for trial during the last

jury week of the November term, 1916, of the court; that on the 15th day of December, 1916, one of the counsel for the appellee informed Jed C. Adams, attorney for appellant, that the cause would be taken up on Monday morning, the 18th day of December, 1916, to which the said Adams agreed, believing at the time that H. H. Adams, the appellant, was in the city of Dallas and could be had to testify on the trial of the cause; that he immediately made inquiry and was unable to locate appellant, and on Monday morning was advised that appellant was out of the city of Dallas, and would be until Thursday, December 21, 1916; that acting upon such advise the said Jed C. Adams requested the court to reset this cause for said date of December 21, 1916, which was accordingly done by agreement made in open court; that for some reason unknown to the attorneys for appellant the appellant, H. H. Adams, had not returned and was then, December 21, 1916, out of the city at some point in South Texas; that his exact address appellant's attorneys were unable to learn, and therefore have not been able to communicate with appellant either by letter or telegram; that appellant left Dallas with the expressed purpose of returning the 21st day of December, 1916, and that his counsel believe and so aver that he will be in the city of Dallas ready to testify in the case at a date not later than Tuesday, the 26th day of December, 1916; that the cause of appellant's absence, further than stated, is unknown to his counsel. It is further stated in appellant's application for a continuance that if present he would testify to the material facts set up in appellant's answer as a defense to appellees' cause of action and the alleged facts constituting his cross-action, alleging specifically those facts; that there was no other witness by whom appellant could prove the facts which he would testify to; and that the application was not made for delay, but that justice may be done.

[1] The appellee contends that, appellant being bound by the agreement to try the case "during the last jury week in December," it was his duty to have him present when the case was called for trial during that week both on December 18 and December 21, 1916; that appellant's application was insufficient because it did not excuse his negligence in failing to attend the trial the last jury week in December, 1916; that it is not sufficient in a motion for a new trial, as was the case in appellant's motion for a new trial, to make a case that might have obtained a continuance, but good cause must be shown why appellant was not present when the case was called for trial on December 18 and on December 21, 1916; that, appellant seeking to get this court to interfere with the exercise of the trial court's judicial discretion in the matter of refusing an application for a continuance

of the character in question, and having wholly failed to show an abuse of such discretion, the judgment should be affirmed.

We have reached the conclusion that for some, if not for all, of the reasons advanced by appellee the judgment of the county court ought to be affirmed. The application of appellant for a continuance was not a statutory application, and the disposition of it rested very largely in the discretion of the court, the exercise of which will not be reviewed on appeal in the absence of abuse thereof. The application shows that the trial court had been very indulgent in continuing the case from time to time to suit the convenience and wishes of one or the other of the parties, from the time a trial might have been forced, after the filing of the suit in the early part of the year 1915, down to the trial on the 22d day of December, 1916, during the November term of that year. The parties were not then required to go to trial until after the cause had been postponed during that term of the court from November 20 to December 11, and from December 11 to December 18, and from the latter date to December 21, 1916.

[2] The legal duty of appellant was to keep himself posted as to the setting of the case for trial and to be present for the purpose of testifying in the trial and to aid his counsel in the management thereof. This record clearly indicates he did not do so. On the contrary, it appears that he absented himself from the court, going somewhere in South Texas, without informing his counsel where he could be communicated with by letter or telegram. This the trial judge evidently regarded as inexcusable thoughtlessness or negligence on appellant's part, and, in the exercise of that judicial discretion vested in him by law, refused to further postpone the trial of the case. Clearly, this court, however much inclined it might be to do so, would not be warranted in declaring that such action of the court, under all the circumstances shown, was an abuse of his discretion.

[3] But appellee further says, in support of the court's ruling refusing to continue the case, that the renewal by appellant of the $625 note by giving the note of $290 sued on and the $250 mentioned, after discovering the alleged misrepresentations of appellee with respect to the automobile being a new automobile, of good material, of first-class workmanship, and one that would operate well, etc., defeated appellant's plea of failure of consideration, and hence he was not prejudiced by being refused a continuance or postponement of the trial. This proposition of appellee embodies, it seems, a well-established principle of law, which, it occurs to us, is applicable here. In Hunter, Evans & Co. v. Lanius, 82 Tex. 677, 18 S. W. 201, the rule is stated in the following language:

"When one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent without consideration, the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration, and will not be permitted to plead it."

The principle was announced and applied by this court in the case of National Bank v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188. Other authorities to the same effect might be cited, but we deem it unnecessary. The questions of whether the note sued on was a renewal of the balance of the $625 note theretofore given for the automobile, and was executed by appellant with knowledge at that time of the alleged fraudulent representations that the automobile sold appellant was a new automobile, of good material, etc., were submitted by the court to the jury, and their verdict embraces affirmative findings upon them. The appellant alleged in his answer that a portion of the $1,000 paid by him on the automobile was paid after defects were discovered in the automobile upon the promise of appellee to "make good said defects," but there is no allegation that at the time of the execution of the renewal note of $290 sued on any such promise was made, and in the application for a continuance it is not stated that appellant would testify that any such promise was made at that time, or indeed at any other time, and no assignment of error is presented in appellant's brief asserting that the trial court erred in any respect in submitting said questions. The evidence offered by appellee tends to show that the renewal note of $250 was paid some time after the $290 note sued on was executed.

Believing that we would not be warranted in holding that the trial court abused its discretion in overruling appellant's application for a continuance, the judgment of that court is affirmed.

Affirmed.