## GOODWIN v. ABILENE STATE BANK. (No. 602.)

Court of Civil Appeals of Texas. Eastland.
Oct. 4, 1929.

Rehearing Denied Nov. 1, 1929.

Coombes & Andrews, of Stamford, and Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

FUNDERBURK, J. This suit was brought by Abilene State Bank against W. C. Goodwin and D. E. Cozart to recover upon a promissory note in the principal sum of $7,000, with interest and attorney's fees. Goodwin alone defended, and from a judgment against both defendants has appealed. There is, therefore, only involved questions affecting the correctness of the judgment against Goodwin.

Appellant's defenses, in addition to a general denial, may properly be denominated as want of consideration, and, in the alternative, failure of consideration, claimed to have resulted from fraudulent representations and concealments by A. E. Pool, in his capacity as president of the Guaranty State Bank of Abilene, about the time the original note, of which the note in suit is claimed to be a renewal, was executed and delivered by appellant and the said Cozart to said Guaranty State Bank. The said defenses were sought to be made available against the Abilene State Bank, upon allegations to the general

effect that the last-named bank succeeded to all the assets and assumed all the liabilities of the Guaranty State Bank, with the said Pool as its president. No assignment is urged by either party, presenting any question of the sufficiency of the pleadings, and hence it is deemed unnecessary to detail the allegations constituting either the defenses asserted as against the original note, or the facts designed to show that the Abilene State Bank, as to such defenses, occupies the same position as the Guaranty State Bank.

The appellee, in reply to appellant's answer, pleaded waiver, estoppel, and that it was protected as a bona fide purchaser of the note. The plea of waiver consisted of allegations to the effect that, soon after the execution of the original note, appellant had knowledge of all the facts claimed to constitute fraud and to have resulted in a want or failure of consideration, or, by the exercise of ordinary diligence could have discovered such facts, and thereafter renewed the note and continued to renew same from time to time for some six to eight times.

The case was submitted to a jury upon 12 special issues. Only 3 of the 12 special issues were answered. The 3 that were answered were as follows:

"(1) Was the Abilene State Bank organized for the purpose of taking over the assets and liabilities of the Guaranty State Bank?"

"(7) Within a short time after W. C. Goodwin signed the original note, did A. E. Pool apply $5,999.64 of the proceeds thereof to the payment of indebtedness then due by V. F. Matthews to the Guaranty State Bank?"

"12. By the exercise of ordinary diligence, could W. C. Goodwin have discovered, prior to September 8, 1923, that $5,999.64 of the proceeds of the original note had been used to pay off indebtedness of V. F. Matthews to the Guaranty State Bank?"

The jury answered each of these questions "Yes." Thereupon the court gave judgment for appellee.

We deem it unnecessary to set out the nine special issues that were not answered by the jury. It is sufficient to say that they undertook to elicit findings to support a judgment for the plaintiff, in accordance with the decision of this court upon a former appeal. Goodwin v. Abilene State Bank, 294 S. W. 883. Two or three of said special issues not answered called for findings upon issues tendered by appellee, among them being special issue No. 11, as follows:

"Did W. C. Goodwin, prior to September 8, 1923, discover that $5,999.64 of the proceeds of the original note had been used to pay off the indebtedness of V. F. Matthews to the Guaranty State Bank?"

We are of opinion that, if special issue No. 12 conclusively determined the existence of waiver or estoppel, as pleaded by appellee, it was immaterial that the nine issues were not answered. They may all be treated as though they had been answered in favor of appellant, and still the answer to special issue No. 12 would require that judgment be given in favor of appellee.

Outside of any question in regard to the sufficiency of the three special issues to support the judgment, or of the existence or sufficiency of evidence to support such findings, appellee contends that the judgment should be affirmed, because appellee was conclusively shown by the evidence to be a bona fide purchaser of the note and protected as such, and because the undisputed evidence showed that the note sued upon was a novation of the original note. Appellee presents no counter assignments complaining of any action of the court in refusing to render judgment for appellee based upon such grounds. To be available as support for the judgment, it was necessary for appellee to procure some authentic finding on such issues. Cisco Building & Loan Ass'n v. Mason (Tex. Civ. App.) 12 S.W.(2d) 1106. They were independent matters in avoidance of the defenses pleaded by appellant. In the state of the record as it comes to us, they must be regarded as having been waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lbr. Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

In testing the sufficiency of the three special issues that were answered to support the judgment, or the existence of any evidence or sufficiency of evidence to support such findings, in the absence of findings upon any of the other issues submitted, we must regard the fact to be that appellant did not, at the time of any of the renewals of the original note, know of the alleged misappropriation of the proceeds of the original note. The question presented for decision then is: Where there is no express waiver of a want of consideration, or failure of consideration, for the execution of a note, does a renewal of the note by one of the makers, without any knowledge of the facts claimed to have resulted in a want or failure of consideration, waive such lack of consideration or failure of consideration, when and if by the exercise of ordinary diligence he could have discovered such facts?

In support of the existence of a waiver under such circumstances appellee cites 3 R. C. L. § 321, and Fletcher American Co. v. Culbertson, 215 Ky. 695, 286 S. W. 984. Whatever the law may have been declared to be in other jurisdictions, we regard the question at issue to have been determined by our Supreme Court against the existence of the waiver in Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808, 811. In that case the correct rule was held to be: "When once it is established that there has been any fraudulent misrepresentation, * * * by which a person has been induced to enter into a contract, it is no answer to his

claim to be relieved from it to tell him that he might have known the truth by proper inquiry."

Is this rule applicable to this case? "Where a note is executed to a payee only in renewal of a prior note given to him, the real consideration is that for which the prior note was given, and the failure of same may be pleaded in an action on the latter note." 8 C. J. 251. If this be a correct statement of the law, as we think it is, it necessarily follows that the fact of renewal alone does not constitute any evidence of a waiver. We question, without attempting to decide, whether renewal with knowledge of the want or failure of consideration, and without other evidence of intention, should, as a matter of law, be held to show a waiver. Undoubtedly, authority can be found on both sides of that question. For Texas cases apparently holding that such waiver exists as a question of law, see Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; National Bank v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188; Adams v. Overland Auto Co. (Tex. Civ. App.) 202 S. W. 207. Other decisions either expressly hold or necessarily imply that the giving of a renewal note, with knowledge of the fraud, only raises an issue of fact as to the existence of waiver. Kennedy v. Bender, 104 Tex. 149, 135 S. W. 524; Payne v. Beaumont (Tex. Civ. App.) 245 S. W. 94; Culver v. Haggard (Tex. Com. App.) 270 S. W. 846.

But, as just suggested, we are not called upon to determine what would have been the effect, had the jury found that appellant knew of the facts upon which his plea of want or failure of consideration was based, at the time he renewed the original note, or before any of the subsequent renewals. Had the jury so found, even though the fact, standing alone, should be held to be inconclusive of the existence of waiver, the other necessary facts would, no doubt, under the operation of Rev. St. art. 2190, be presumed to have been found by the court, so as to support the judgment, if there was evidence from which such other facts might have been found.

We cannot escape the conclusion that the rule in Labbe v. Corbett, supra, is applicable to the question here presented. In many of the decisions the term "waiver" is used in the sense of estoppel. Properly the two terms, "waiver" and "estoppel," have decidedly different meanings. 40 Cyc. 255. One of the most approved definitions of waiver seems to have been evolved to cover the meaning of the term as it is used interchangeably in the decisions with estoppel. As so defined: "A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right." Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745, 749. That such definition includes, not only waiver proper, but estoppel as well, is indicated in the same opinion by a quotation with approval from American & English Encyclopædia of Law, as follows: "It has been held that a waiver never occurs unless intended, or where the act relied on ought, in equity, to estop some party from denying it."

Something of the nature of waiver proper was discussed by the Supreme Court of Maine in Robinson v. Penn. Fire Ins. Co., 90 Me. 385, 38 A. 320, 322, as follows: "Ordinarily the question as to whether or not there has been a waiver is one of fact for the jury. 'It is always so whenever it is to be inferred from evidence adduced, or is to be established from the weight of evidence.' * * * When there is no express waiver, it is not only necessary for the jury to determine what the facts are which are relied upon for the purpose of showing a waiver, but it is also the peculiar and appropriate province of the jury to determine what inferences are properly deducible from such facts."

We think it correct to say that there can be no waiver, as distinguished from estoppel, without an intention to waive. If so, waiver, as distinguished from estoppel, cannot be determined as a question of law, unless the intent to waive is expressed or necessarily implied from agreed or uncontroverted facts. In the case at bar there is no question of any express waiver, nor do the facts claimed to constitute a waiver, if true, comprise all the essential elements of estoppel. It results, therefore, that in this particular case there can be no waiver, in the absence of an intention to waive. It just as certainly follows that there could not exist the requisite evidence of any intention to waive, in the absence of knowledge on the part of appellant of the facts out of which arises the right claimed to have been waived. No duty to learn such facts was owing by appellant to appellee. Therefore no failure to ascertain same would be of any avail to appellee.

Culver v. Haggard (Tex. Com. App.) 270 S. W. 846, involved a question of the waiver of fraud by the execution of renewal notes. In the opinion Judge Chapman held that no intention to waive was shown by the evidence, and therefore necessarily held that the act of renewal alone is no evidence. We are of the opinion that a finding that appellant, although he had no knowledge of the alleged fraudulent representations and concealments, could, by the exercise of reasonable care, have obtained such knowledge, forms no basis for a judgment for appellee.

The judgment of the trial court will therefore be reversed, and the cause be remanded for another trial.