## WILLIAMS v. OWEN.

### No. 13633.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1937.

Rehearing Denied Jan. 14, 1938.

Geo. Clifton Edwards, of Dallas, for plaintiff in error.

Read, Forsythe & Kepke, of Dallas, for defendant in error.

BROWN, Justice.

Appellant, Fannie G. Williams, a widow, had two children, the fruit of the union with her deceased husband; a daughter, alleged to be a femme sole, named Lucille, and a son, a minor, named Lige.

A suit was brought in the district court of Dallas county to partition the community property, which was, in the instant suit, the homestead. The suit was brought by the next friend of the minor son. The widow and daughter waived service of citation in such case and judgment was rendered finding that Fannie Williams owned an undivided one-half of such property and each of the two said children owned an undivided one-fourth thereof. A commissioner, or receiver, was appointed by the court to make a sale of the property, and same was sold to Fannie Williams for a cash consideration. Out of the proceeds of the sale the court ordered one-fourth paid to the daughter and one-fourth to the minor son.

The portion belonging to the minor son was deposited in a Dallas Bank to the credit of Fannie G. Williams, guardian of the minor son.

Fannie Williams entered into a mechanic's and materialman's lien contract with one Hendricks, a building contractor, and gave her note for $7,650, secured by the said lien (which covered the whole of the homestead place, a lot and homestead residence, situated in the city of Dallas).

The improvements to be made consisted of two duplex apartments and repairs and improvements to the homestead residence.

The note and lien were, by Hendricks, duly assigned to the Lingo Lumber Company, and Fannie Williams executed two renewal notes, one for $5,500, and the other for $2,150, and executed a deed of trust to said lumber company to secure the payment of such notes.

The lumber company duly transferred and assigned the larger note and liens covering same to appellee, Mrs. Laura Owen. Thereafter, Fannie Williams executed a renewal note payable to Mrs. Owen, and a deed of trust on the premises in question to secure the payment thereof.

Default having been made in the payments due on the note, Mrs. Owen brought suit for debt and foreclosure.

Fannie Williams answered and defended by alleging fraud, and that the improvements did not actually cost the sum set forth in the note first given, and same were not worth such amount. 'That the

parties had agreed to give her an itemized statement of the costs and correct charges and had promised to refund to her the difference between the original note and such actual cost and value, but same was never done; and she further alleged that the whole of her homestead property was not to be included in the lien given against the property, and she was promised and told that same was not included. She further pleaded that in paying, and agreeing to pay, the whole of such $7,650 note, the excess over the true value of the improvements was usurious interest charged and exacted of her, and she sought to have all payments made on the large note and the small note applied to the note held by Mrs. Owen, as principal payments.

The appellee pleaded estoppel and other appropriate defenses; namely: A written statement by appellant that the improvements had been finished and were accepted by her; a written promise on her part to pay all over $7,650 that such improvements made, were reasonably worth; that she had executed renewals of the indebtedness after same had fallen into the hands of appellee, an innocent purchaser for value, without notice, etc.; and that appellant's pleadings are insufficient to raise the issue of the lien being intended to cover only a portion of the lot involved.

The cause was tried to a jury, and the trial court gave the jury a peremptory instruction to find for the plaintiff, who is defendant in error here.

Judgment having been rendered on such instructed verdict, the defendant below, plaintiff in error here, appealed to the Court of Civil Appeals for the Dallas district and the cause was, by the Supreme Court, transferred to this court for review.

The parties are designated by us as appellant and appellee for convenience.

 Appellant having made a statement under oath that the improvements contracted for had been completed satisfactorily to her, the appellee had a right to rely upon the same when she purchased the note given by appellant as part payment for such improvements; which note was in renewal and extension of the original mechanic's lien note.

Furthermore, when appellant renewed that note, while held by appellee as a valid

debt, and executed a deed of trust on the premises involved, to secure the payment thereof, she cannot be heard to plead that the note was secured through fraud, or that same is without consideration. By her acts she has "freed the transaction of the fraud," and "waived the want of consideration." She permitted Mrs. Owen to hold the note as a valid debt, when she, by her allegations, claims she knew it was tainted with fraud and without consideration. Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201; Davis v. Donalson, Tex.Civ. App., 91 S.W.2d 763, writ dismissed.

The instant suit is even stronger than the authorities that have been cited by appellee and which could be multiplied by us. Here we have appellant executing the first note, which she claims is tainted with fraud, want of consideration, and usury, but she renews all of same, when in the hands of Lingo Lumber Company, an assignee of the payee, and then again renews such note when in the hands of appellee, assignee of the lumber company.

Much could be said to show why appellant cannot recover, and has no lawful defense to the note and lien before us. She is effectively estopped from raising the defenses pleaded at this late hour.

Furthermore, the trial court, by its ruling and judgment, has held that the evidence relied upon by appellant does not raise the issues on which she relies for relief.

 Appellant signed every instrument evidencing the entire transaction, freely. There is no testimony even tending to show that any misrepresentation was ever made to her concerning the matters at hand. Her testimony that the portion of her lot, on which the homestead residence is located, was not to be included in the lien given to secure the making of the improvements, even if admissible, could not stand in the face of the facts, that the premises consist of one city building lot, on which, according to the mechanic's lien contract, not only the new improvements were to be erected, but definite repairs and new improvements were to be made, and were made, on and in the homestead residence.

Furthermore, no effort was made either in her pleadings or in her testimony to designate any definite portion of the property on which the lien was intended to be fixed,

or any such portion which was to be free from such lien; and no effort was made to reform the instrument creating a lien on the whole of the property.

We find no error in the record. The judgment of the trial court is affirmed.