**H. ROUW COMPANY, Appellant,**

v.

**GAYLORD CONTAINER DIVISION OF CROWN ZELLERBACH CORPORATION, Appellee.**

**No. 88.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 25, 1964.

Rehearing Denied Dec. 31, 1964.

Sid L. Hardin, Edinburg, for appellant.

J. W. Patterson, Jr., of Cox & Patterson, McAllen, for appellee.

GREEN, Chief Justice.

Appeal is from a summary judgment for appellee, plaintiff below, on a promissory note, which judgment also refused relief to appellant, defendant below, on its cross-action. We reverse and remand.

Appellee does not deny that a genuine issue of fact exists as to failure of consideration for the original indebtedness on open account. The question before us is whether, under the summary judgment "evidence", it is established as a matter of law that appellant has waived its defense of failure of consideration.

In passing upon the merits of this appeal, we shall be guided by the fundamental rules of summary judgments, that all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party (appellee), and that the opposite party (appellant) is entitled to the benefit of every reasonable

inference which can properly be drawn in its favor. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233; Bolin v. Tenneco Oil Co. et al., Tex.Civ. App., 373 S.W.2d 350, writ ref. n. r. e. Where in this opinion we discuss certain facts of the case, we do not intend to say that such matters have been established as actually true, since courts in summary judgment proceedings do not pass upon the credibility of the witnesses or the truth of matters stated in sworn pleadings or affidavits, but consider only whether genuine issues of material facts are raised by the record. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

In 1955, appellee sold and delivered to appellant on open account a large number of cardboard cartons to be used by appellant in its business of packing and shipping perishable vegetables. According to appellant's sworn pleadings and affidavit, and not denied in the record by appellee, the cartons delivered were not as ordered, were defective in size and tensile strength so that they did not comply with carriers requirements in the shipment of perishable vegetables, and many were delivered too late to be of any use to appellant. Because of their defective condition, appellant was unable to use them, and the cartons are still in appellant's warehouse in the same condition as when delivered by appellee. Appellant has on many occasions tendered them back to appellee, and still tenders them, but appellee has refused to accept them.

In August, 1956, appellant, with full knowledge of the facts concerning the cartons, executed and delivered to appellee in payment for said cartons three notes totaling $18,148.62. Some payments were made on these notes, so that in July, 1962, the amount was reduced to $17,138.62, and at that time appellant executed the note here sued on in that amount in renewal of the three notes of August, 1956. Appellant in its sworn answer to the motion for summary judgment and by affidavit of H.

Rouw, its president, states that during this entire period, including the time of the execution of the first three notes, Rouw was vigorously protesting the consideration for the notes, and insisting either that appellee take back the cartons in payment of the debt, or exchange new cartons meeting appellants' requirements in the packing and shipping of perishable vegetables for the worthless ones. At the time of the execution and delivery of the note here sued on, according to appellant's sworn pleadings and Rouw's affidavit, appellee received said note knowing of the complaints about the cartons, and knowing that appellant expected a satisfactory settlement to be made on the note by an exchange of usable cartons for the bad ones.

In addition to its sworn plea of failure of consideration, appellant filed a cross-action in answer to appellee's petition. In this pleading, filed defensively in the nature of a counterclaim or set-off in the event appellee should recover judgment on the note, appellant specifically plead that the 1962 note, and also the 1956 notes, were signed and delivered by it in view of an express understanding between appellant and appellee that a satisfactory settlement would be made between them, and that appellee would accept a return of the old cartons in exchange for cartons meeting the requirements of appellant in the shipment of perishable vegetables. A breach of this agreement is alleged, by reason of which it is stated that appellant will suffer damages in the amount that it may have to pay for cartons which have no value to appellant; and the pleading prays for damages for whatever sum appellee may recover on the note. A denial of any right of appellant to have a trial on the merits of this cross-action was included within the terms of the summary judgment.

In support of the summary judgment, appellee contends that when appellant executed and delivered the notes in August, 1956, with full knowledge of the defects

in the merchandise purchased the year before, and again in July, 1962, when appellant executed the note sued on in renewal of the balance due on the 1956 notes, with full knowledge of all facts alleged in defense, appellant waived the defense of failure of consideration as a matter of law.

As authority for its position, appellee relies upon the holding of the Supreme Court of Texas in Hunter et al. v. Lanius et al., 82 Tex. 677, 18 S.W. 201, and on subsequent cases quoting and following that decision. We quote from Hunter v. Lanius, the rule depended upon by appellee as follows:

"Where one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration, the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration, and will not be permitted to plead it. So, a note is supported by a sufficient consideration, if executed to secure the abandonment of a suit brought to enforce a doubtful right, or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit. Keefe v. Vogle, 36 Iowa, 87; Babcock v. Hawkins, 23 Vt. 561; 1 Daniel, Neg.Inst. § 205; 1 Add.Cont. § 14."

Although the settlement of the law suit, and the compromise of a disputed claim would furnish consideration for the note there in litigation, the decision in Hunter v. Lanius, supra, has frequently been cited as authority for the proposition that the execution of a renewal note with knowledge of fraud in the transaction, or that the consideration for the original has failed precludes the maker from setting up the defense of fraud or failure of consideration in an action on the renewal note, the execution of the renewal note being a waiver of such defense, or, as sometimes said, an estoppel. National Bank of Cleburne v. Carper, 28 Tex.Civ. App. 334, 67 S.W. 188, n. w. h.; Adams v. Overland Automobile Co., Tex.Civ.App., 202 S.W. 207, n. w. h.; Harkrider v. Capps, Tex.Civ.App., 250 S.W. 1093, writ dis.; Twichell v. Klincke, Tex.Civ.App., 272 S.W. 283, n. w. h.; J. B. Colt Co. v. Ellis, Tex.Civ.App., 293 S.W. 629, n. w. h.; Davis v. Donalson, Tex.Civ.App., 91 S.W. 2d 763, writ dis.; Williams v. Owen, Tex. Civ.App., 111 S.W.2d 1182, n. w. h.; Arkansas Fuel Oil Co. v. Underwood, Tex. Civ.App., 193 S.W.2d 276, n. w. h.

Although the above cited authorities support the general rule quoted from Hunter v. Lanius, supra, none of them involves a situation which presents a clear fact issue as to whether the maker of the renewal note at the time of signing same had the intention to waive his defense either of fraud or of failure of consideration.

We do not feel, when we resolve all doubts as to the existence of a genuine issue of a material fact against appellee, and give appellant the benefit of every reasonable inference which can properly be drawn in its favor, that we can say as a matter of law that appellant, in the execution of the note in issue, intended to waive the matter of the cartons being of no value to it. Not only was Rouw constantly over the years trying to get the appellee to give relief for the totally useless (to appellant) cartons, but the facts, construed most favorably toward Rouw in this summary judgment proceeding, appear to be that appellee, at the time of the execution of the note in issue and of the first notes, knew that Rouw signed with the expectation that they would furnish appellant usable cartons for the bad ones, and further that appellee entered into an express agreement with Rouw to make such exchange. Appellant's defense in this case was based not alone on the failure of consideration, but, by way of counter-claim

and set-off in its cross-action, on a breach of an express agreement.

Culver v. Haggard, Tex.Com.App., 270 S.W. 846, involved a question of the waiver of fraud as a defense by the execution of renewal notes after discovery of the fraud by defendant. The court held that since no intention to waive was shown by the testimony, the act of renewal alone is not conclusive evidence of waiver. The opinion quotes with approval from 20 Cyc., p. 93, the following:

"The question of waiver, however, is largely one of intent. Hence acts done in affirmance of the contract can amount to a waiver of the fraud only where they are done with full knowledge of the fraud and of all material facts, and with the intention clearly manifested of abiding by the contract and waiving all right to recover for the deception. Acts which, although in affirmance of the contract, do not indicate any intention to waive the fraud, cannot be held to operate as a waiver."

The above text is also cited by the Supreme Court with approval and is applied in Kennedy et al. v. Bender, 104 Tex. 149, 135 S.W. 524.

We feel that the statements of H. Rouw in his correspondence with appellee concerning this matter are properly to be considered as evidence in a trial of this suit on the merits concerning the issue of waiver of his defense of failure of consideration, but we do not believe that this record shows as a matter of law that Rouw, at the time of executing the note in litigation, intended to waive such defense. Kennedy et al. v. Bender, Tex.Sup.Ct., supra; Culver v. Haggard, Tex.Com.App., supra; Payne v. Beaumont, Tex.Civ.App., 245 S.W. 94, writ ref.; Goodwin v. Abilene State Bank, Tex.Civ.App., 20 S.W. 2d 1090, writ dism.; Exchange National Bank v. Parsons, Tex.Civ.App., 116 S.W.

2d 817, n. w. h.; Fish v. Bush, Tex.Civ. App., 143 S.W.2d 834, n. w. h.

We accordingly find that the record before us does show the existence of a genuine issue of a material fact, and that the trial court erred in granting the summary judgment.

Reversed and remanded.