GAYLORD CONTAINER DIVISION OF CROWN ZELLERBACH CORPO-RATION, Petitioner,

v.

H. ROUW COMPANY, Respondent.

No. A–10583.

Supreme Court of Texas.

June 16, 1965.

Cox & Patterson, McAllen, for petitioner.

Sid L. Hardin, Edinburg, for respondent.

SMITH, Justice.

This appeal is from a summary judgment granted by the trial court which has been reversed by the Court of Civil Appeals. 385 S.W.2d 481. We reverse the judgment of the intermediate court and affirm that of the trial court.

■ The petitioner, hereinafter referred to as Gaylord, filed this suit against the respondent, hereinafter designated as Rouw, to recover the principal sum of $17,138.62, which sum is evidenced by Rouw's promissory note dated July 24, 1962. The note recites upon its face that it was executed to "replace notes dated 8/20/56, 8/8/56 and 8/8/56" and that the renewal note would be due and payable January 1, 1963. On December 23, 1963, Rouw filed an answer, including a general denial, but did not deny that the note sued upon was executed in renewal of the three notes referred to in the body of the note. Rouw also pleaded a failure of consideration for the execution of the note sued upon. On March 23, 1964, Rouw filed an instrument which, although designated as cross action, does not assert an independent cause of action. The so-called cross action merely pleads in greater detail Rouw's original plea of failure of consideration. Neither these pleadings, nor Rouw's reply to Gaylord's motion for summary judgment and affidavit attached thereto, raise a fact issue to be determined by the court or jury. Unless the evidence raises issues of fact, a summary judgment is proper. S.e McDonald on Texas Civil Practice, Vol. 4, Sec. 17.26, pp. 1380–1382.

The pleadings and affidavits clearly show that Rouw knew all the facts upon which he now relies to defeat Gaylord's right of recovery on the note. He had full knowledge of all these facts prior to the execution of the notes in 1956 and 1962.

■ The pleadings and affidavits reflect that at the time of signing the notes Rouw knew that during the year 1955, Gaylord sold and delivered to him, on open account, merchandise consisting of cardboard cartons; that these cartons were purchased for use by Rouw in connection with his business as a shipper of perishable vegetables; that Rouw knew that the cartons delivered were not, for various reasons, suitable for use in the shipment of perishable vegetables; that he, nevertheless, in August 1956, executed and delivered to Gaylord the three promissory notes aggregating the sum of $18,148.62. These notes were executed in payment for the claimed unsuitable cartons which had previously been sold and delivered to Rouw. Subsequent to the execution and delivery of these notes, Rouw made infrequent payments thereon. No payments have been made since the execution and delivery of the note in suit. Gaylord's motion for summary judgment was supported by the affidavit of J. A. Bousquet, the General Manager for the Southwest Region of Gaylord. Bousquet states in the affidavit that he was present when the note in suit was signed by Rouw and delivered to Gaylord; that he was constantly familiar with the status of the account and that at no time between the date of purchase of the cartons in 1955 until the execution of the renewal note in July, 1962, did Rouw register any complaint as to the quality of the cartons or the justness of the

account. The record contains admissions by Rouw that he executed the three notes in 1956, and the note in suit with full knowledge of "every conceivable fact and every conceivable defense that he might have asserted in resisting payment of said notes." The record, including Rouw's affidavit filed in reply to Gaylord's motion for summary judgment, contains no allegations of fraud or misrepresentations on the part of Gaylord or his authorized agents. Nothing appears in the record from which a legal inference may be drawn that the execution and delivery of any of the notes was induced by fraud. We conclude that the action of the trial court in entering the summary judgment was proper. Where the record shows, as here, that, except as to the aggregate sum to be recovered on the note, there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law. Rule 166–A, Sec. (c), Texas Rules of Civil Procedure. See Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929 (1952).

█ We have concluded that Rouw waived his defense of failure of consideration when he executed and delivered the note sued upon. The rule announced in the case of Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201 (1892), and subsequently followed by the Texas courts,[1] is controlling in determining the question of whether or not material issues of fact were raised by the evidence in the present case. In the Hunter case, as in the present, the holder brought suit on a note which he claimed to be valid. This Court held:

"Where one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration,

the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration, and will not be permitted to plead it. So, a note is supported by a sufficient consideration, if executed to secure the abandonment of a suit brought to enforce a doubtful right, or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit. Keefe v. Vogle, 36 Iowa, 87; Babcock v. Hawkins, 23 Vt. 561; 1 Daniel, Neg.

Inst. § 205; 1 Add.Cont. § 14."

Rouw has not pleaded fraud. He waited some seven years after the execution of the three notes in 1956, and more than a year after signing the note here involved in July, 1962, before filing his plea of failure of consideration. The defense of failure of consideration was not available to Rouw.

Rouw relies upon the case of Culver v. Haggard, 270 S.W. 846 (Tex.Com.App. 1925), wherein it was held that acts which, although in affirmance of the contract, do not indicate any intention to waive the fraud, cannot be held to operate as a waiver. The case is distinguishable. In that case, Haggard, the maker of the renewal note, through fraud and misrepresentation was induced to sign the note. Additionally, Haggard had no knowledge of the fraud. Hence, the Court correctly held that the renewal of the notes did not constitute a waiver of the defense of fraud. It was only because the renewal itself was procured by fraud that the Court held that Haggard did not waive the fraud.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

1. Lone Star Life Insurance Co. v. Shield, 228 S.W. 196 (Tex.Com.App.1921); Davis v. Donalson, 91 S.W.2d 763 (Tex. Civ.App.1936, wr. dismissed); Twichell v. Klinke, 272 S.W. 283 (Tex.Civ.App. 1925, wr. dismissed); Arkansas Fuel Oil Company v. Underwood, 193 S.W. 2d 276 (Tex.Civ.App.1946, no wr. hist.); Adams v. Overland Automobile Co., 202 S.W. 207 (Tex.Civ.App.1918, no wr. hist.); National Bank of Cleburne v. Carper, 28 Tex.Civ.App. 334, 67 S.W. 188, 1902, no wr. hist.).